IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMMY LOGSDON )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>AETNA LIFE INSURANCE COMPANY )<br>)<br>)<br>Defendant. ) | Case No.: 3:20-cv-00401 |

**COMPLAINT**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT**

COMES NOW Plaintiff Tammy Logsdon, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1F974, as amended 29 U.S.C. §1001 *et. seq.*, and for her cause of action against defendant Aetna Life Insurance Company of America, respectfully states the following:

1. Plaintiff, Tammy Logsdon (hereinafter "Tammy ") brings this action against Defendant Aetna Life Insurance Company (hereinafter "Aetna") for damages caused by the Defendant's breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this

District, the breaches of duty herein alleged occurred in this District, and Defendants reside or are found in this district.

## Parties

4. Tammy is an individual residing in Litchfield, Illinois. Tammy is a vested participant in a Group Insurance Policy for certain employees of Machhoffs Family Foods formerly know as Maschhoffs, LLC. (hereinafter "Maschhoffs"), which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

5. Defendant Aetna provides coverage for certain employees of Maschhoffs under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Aetna provides short term disability (hereinafter "STD"), long term disability (hereinafter "LTD"), and life insurance benefits (hereinafter "Life").

6. Aetna is an insurance company incorporated in Connecticut and is doing business in Illinois under a license to do business as a Foreign Insurance Company. Aetna administers and pays benefits under the terms of the STD, LTD, and Life plans and is a fiduciary within the meaning of 29 U.S.C. §1002(16).

## Standard of Review

7. Under 50 Ill. Admin. Code Section 2001.3, discretionary clauses are prohibited in all policies and/or contracts of insurance that have been delivered or sold in the State of Illinois. *See* 50 Ill. Admin. Code Section 2001.3

8. Maschhoffs is an Illinois company with its principal place of business in Carlyle, Illinois which is located in Clinton County.

9. All policies at issue in this matter were sold or delivered to Maschhoffs in Clinton County in the State of Illinois.

10. As such, all decisions made by Aetna, regarding Tammy's benefits, at issue in this matter are to be reviewed by this Court under a *de novo* standard.

## COUNT I

**Denial of Short Term Disability Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)**

11. In June of 2018, Tammy was forced to stop working due to symptoms related to interstitial lung disease, degenerative disc disease and a postsurgical changes C4-C6 after anterior cervical discectomy and fusion and right thoracoscopic wedge resection, severe obstructive sleep apnea, chronic neck pain, headaches and left lower limb pain, enlarged thyroid and ulcer.

12. From June 2013, until the time Tammy was forced to stop working, she was employed with Maschhoffs as the Associate Director of IT projects.

13. As part of her employment, Tammy was an eligible employee for short term and long term disability benefits under the plan.

14. Aetna approved Tammy for Short Term Disability benefits from July 2, 2018 through December 2, 2018.

15. Tammy filed a timely appeal of Aetna's denial.

16. As part of her appeal Tammy included reports of her restrictions and limitations as well as medical records showing that her condition was permanent and progressive, and that she would could not perform the duties of her own occupation.

17. Despite presenting objective evidence including the clinical determination of her treating physician that Plaintiff was disabled and entitled to continue receiving Short Term Disability benefits through December 23, 2018  Defendant denied her short term disability benefits after December 2, 2018.

18. At all relevant times, Tammy has been under the care of licensed medical doctors.

19. As a result of the wrongful denial, Tammy has been damaged in the amount of unpaid benefits.

20. Tammy has exhausted all of her administrative remedies.

21. Defendant's denial of long term disability benefits was arbitrary and capricious, and not based on substantial evidence, was a breach of their fiduciary duties and was the product of a conflict of interest and serious procedural irregularities.

22. Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees and costs.

## COUNT II

**Denial of Long Term Disability Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)**

23. Plaintiff incorporates paragraphs 1-22 above as if fully set forth as paragraph 23.

24. Tammy applied for Long Term Disability benefits under the Maschhoff Plan on November 4, 2018.

25. Aetna initially denied plaintiff's long term disability claim on December 7, 2018.

26. Tammy filed a timely appeal of Aetna's denial.

27. As part of her appeal Tammy included reports of her restrictions and limitations as well as medical records showing that her condition was permanent and progressive, and that she could not perform the duties of her own occupation.

28. Despite presenting objective evidence including the clinical determination of her treating physician that Plaintiff was disabled and entitled to receive Long Term Disability benefits Defendant denied her appeal on March 25, 2019.

29. At all relevant times, Tammy has been under the care of licensed medical doctors.

30.     29 CFR § 2560.503-1 (b)(7) is a regulation promulgated by the Department of Labor and at all times relevant governed the claims procedures utilized by Aetna in deciding Tammy's claims.

31.     29 CFR § 2560.503-1 (b)(7) states that:

In the case of a plan providing disability benefits, the plan must ensure that all claims and appeals for disability benefits are adjudicated in a manner designed to ensure the independence and impartiality of the persons involved in making the decision. Accordingly, decisions regarding hiring, compensation, termination, promotion, or other similar matters with respect to any individual (such as a claims adjudicator or medical or vocational expert) must not be made based upon the likelihood that the individual will support the denial of benefits.

32.     In deciding plaintiff's appeal, Aetna hired two medical reviewers through a vendor, "Reliable Review Services," to review Plaintiff's medical records with the knowledge that the reviewers would likely support the denial of benefits in violation of 29 CFR § 2560.503-1 (b)(7).

33.     As a result of the wrongful denial, Tammy has been damaged in the amount of unpaid benefits.

34.     Tammy has exhausted all her administrative remedies.

35.     Defendant's denial of long-term disability benefits was arbitrary and capricious, and not based on substantial evidence, was a breach of their fiduciary duties and was the product of a conflict of interest and serious procedural irregularities.

36.     Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees and costs.

**WHEREFORE**, Plaintiff prays that this Court:

a)     Grant judgment in her favor and against Defendant on all claims;

b)  Order that Defendant pay all benefits due under the Plan from December 3, 2018 to the date of judgment, including interest thereon;

c)  Declare Plaintiff's rights under the terms of the Plan, and clarify her rights to future benefits under the terms of the Plan;

d)  Enjoin Defendants to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C §1133.

e)  Enjoin Defendant to discharge their fiduciary duties in accordance with 29 U.S.C. §1104;

f)  Order restitution or surcharge to disgorge Defendants' unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payment of her attorneys' fees caused by Defendant's violation of 29 U.S.C. §1133   and breach of fiduciary duty:

g)  Order that Defendant pay the costs of suit, including plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g);

h)  Award all such other and further relief as this Court deems just and proper.

Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

*/s/ Mathew R. Davis*
Matthew R. Davis
Adam J. Olszeski
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*
*Tammy Logsdon*